UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREW GREER,
    Petitioner,

v.                                                   Case No. 5:24-cv-233-KKM-PRL

WARDEN, FCC COLEMAN – USP I,
    Respondent.
_____/

### ORDER

Andrew Greer, a federal inmate, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Greer claims that his sentence was unconstitutionally enhanced. (*Id.*, pp. 2, 5.) Respondent moves to dismiss Greer's claim for lack of jurisdiction. (Doc. 5.) Because Greer's claim is not cognizable under § 2241, Respondent's motion (Doc. 5) is granted.

Greer pleaded guilty in the United States District Court for the Eastern District of Texas to one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j).[1] *United States v. Greer*, Case No. 4:17-cr-094-SDJ-AGD (E.D. Tex.) (Doc. 35.) Greer was sentenced to 120 months' imprisonment followed by three years of supervised release. (*Id.*) Greer entered a plea agreement in which he waived the right to appeal, or to contest his conviction or sentence in any post-

---

[1] I take judicial notice of the Eastern District of Texas' records concerning Greer's criminal and postconviction proceedings found on the federal court's online docketing system. *See* Fed. R. Evid. 201; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (collecting cases) ("a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation[]").

1

conviction proceeding. (Doc. 1, p. 16.) Although Greer waived the right to challenge his sentence in a post-conviction proceeding, he moved under 28 U.S.C. § 2255 to vacate, set aside, or correct an illegal sentence in Case No. 4:21-cv-157-MAC-CAN. *See Greer v. United States*, Case No. 4:23-cv-483-MAC-AGD (E.D. Tex.) (Doc. 3, p. 1.) The post-conviction court denied Greer's motion as untimely. (*Id.*) Greer moved under § 2255 a second time in case number 4:23-cv-483-MAC-AGD, and the post-conviction court denied the motion as successive. *Greer v. United States*, Case No. 4:23-cv-483-MAC-AGD (E.D. Tex.) (Doc. 7.)

Collateral attacks on the legality of a sentence must be brought in a motion under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 permits a prisoner to contest their sentence by motion on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

Notwithstanding this general principle, a habeas petitioner may utilize § 2241 if they can satisfy the "saving clause." *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). The saving clause is triggered when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To determine whether a remedy is inadequate or ineffective, the court will "ask whether the prisoner would have been permitted to bring that claim in a [§ 2255] motion to vacate."

*McCarthan*, 851 F.3d at 1086–87. The fact that a court may reject a petitioner's argument or that their claim may be barred by a procedural rule, does not render their remedy inadequate. *Id.* at 1086 (explaining the distinction between a remedy—a "means by which" a petitioner may "challenge the legality of his sentence"—and the relief that a court may ultimately award a petitioner). "Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief[.]" *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (citations omitted). *McCarthan* provided three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if multiple sentencing courts prevent a petitioner from filing a motion to vacate. *See McCarthan*, 851 F.3d at 1093; *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020).

Greer claims that his sentence was unconstitutionally imposed, not that it was unconstitutionally executed. An unconstitutionally enhanced sentence claim like Greer's would be properly brought under § 2255. *See McCarthan*, 851 F.3d at 1086 ("McCarthan's claim that his sentence exceeds the statutory maximum is exactly the kind of claim that a motion to vacate is designed to 'remedy,' notwithstanding adverse precedent."). Therefore, § 2255, not § 2241, is the appropriate statutory vehicle for Greer's claim and Greer bears the burden of establishing that § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* at 1081 (quoting *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013)). Greer does not meet his burden.

Greer contends that § 2255 is inadequate or ineffective because he waived his right to file a § 2255 motion in his plea agreement. (Doc. 6, p. 1.) The fact that Greer waived his right to move under § 2255 does not render the remedy inadequate because the type of claim was still capable of being brought in a § 2255 motion. *See McCarthan*, 851 F.3d at 1086. Greer's argument is not well taken especially when considering that Greer moved twice under § 2255, and both motions were denied without reference to his plea agreement. Greer cannot petition for relief under § 2241 to circumvent § 2255's procedural requirements such as the statute of limitations and the requirements for filing a successive motion. *See McCarthan*, 851 F.3d at 1086 ("a procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy[]"). The fact that Greer's § 2255 motions were unsuccessful does not render § 2255 inadequate or ineffective.

Further, it should be noted that in Greer's plea agreement, he waived the right to contest his conviction or sentence in "any post-conviction proceeding, including, *but not limited to*, a proceeding under 28 U.S.C. § 2255." (Doc. 1, p. 16) (emphasis added). Like a § 2255 motion, a § 2241 petition seeks post-conviction relief. Greer consequently also waived the right to file a § 2241 petition in his plea agreement. *See, e.g.*, *Rudolph v. United States*, 92 F.4th 1038, 1049 (2024) (plaintiff was barred from "collaterally attacking his sentence in any postconviction proceedings" under the terms of his plea agreement); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) ("a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence").

4

Because the saving clause does not apply to Greer's claim, I lack jurisdiction to adjudicate his § 2241 petition on the merits. Accordingly, the motion to dismiss (Doc. 5) is **GRANTED** and Greer's petition is **DISMISSED**.

Therefore, it is **ORDERED**:

1. Respondent's motion to dismiss (Doc. 5) is **GRANTED**.
2. The petition (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.
3. The **CLERK** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**ORDERED** in Ocala, Florida, on October 11, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge